IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                                    PLAINTIFF

v.                                          CIVIL NO. 4:15-cv-04074

ASHLEY VAIL                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Melton Miller filed this case *pro se* pursuant to 42 U.S.C. § 1983 on August 12, 2015. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on Plaintiff's Motion to Supplement Complaint (ECF No. 7)[1] and a Motion to Dismiss (ECF No. 12) filed by Defendant Ashley Vail. Plaintiff has not responded to the Motion to Dismiss. The Motions are ready for decision.

1. **BACKGROUND**

Plaintiff is currently an inmate of the Arkansas Department of Correction – Ouachita River Unit. In Plaintiff's Complaint he named Ashley Vail as the Defendant. Ms. Vail is an Administrative Law Judge at the Arkansas Board of Parole. According to the allegations of the

---

[1] Plaintiff's pleading was docketed as a Motion to Supplement. However, it is difficult to interpret what exactly Plaintiff is requesting. For purposes of this Report and Recommendation the Court will treat the pleading as a motion to amend or supplement his complaint governed by Rule 15 (a) and (d) of the Federal Rules of Civil Procedure.

1

Complaint, Plaintiff asserts that Vail violated his constitutional rights when she presided over his parole revocation hearing. Plaintiff's only basis for his claim is that his first name was misspelled ("Milton" instead of "Melton") in documents used during the hearing.[2]

Plaintiff's motion to proceed *in forma pauperis* in this matter was granted on August 12, 2015. ECF No. 3. On August 20, 2015 Plaintiff supplemented his Complaint. ECF No. 5. Then on September 3, 2015 Plaintiff filed a Motion to Supplement his Complaint asserting what appears to be the same allegations contained in his initial Complaint and initial Supplement. ECF No. 7. Defendant filed a Motion to Dismiss on December 3, 2015.

## 2. APPLICABLE LAW

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) and (d) provide in pertinent part:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

> (d) *Supplemental Pleadings*. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15 (d)

---

[2] On December 10, 2015 the Honorable Susan O. Hickey, adopted the Report and Recommendation of this Court in Case No. 4:15-cv-04087 dismissing Plaintiff's claim that he was arrested and sentenced to prison under an alias. Defendant Vail was also a named defendant in that action.

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971).  Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

3

### 3. DISCUSSION

#### i. Motion to Supplement Complaint

Plaintiff does not specify any reason to amend or supplement his Complaint. The Court notes Plaintiff supplemented his Complaint once before on August 20, 2015. ECF No. 5. A comparison of the previous supplement with the one now before the Court (ECF No. 7) appears to be similar and duplicative. Plaintiff's proposed amendment does not seek to add any additional parties, facts, or claims to this action. *See Reuter v. Jax Ltd., Inc.,* 711 F.3d 918, 922 (8th Cir. 2013) (duplicative and frivolous claims are futile, and leave to amend may be denied based on futility of the amendment). Plaintiff is not entitled to unlimited amendments to his Complaint. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Therefore, I recommend that Plaintiff's Motion to Supplement (ECF No. 7) be denied.

#### ii. Motion to Dismiss

The Defendant has moved to dismiss the case against her on the following grounds: (1) Plaintiff has failed to state a constitutional claim for which relief can be granted under Fed. R. Civ. P. 12 (b)(6); (2) Defendant is entitled to absolute immunity from suit; (3) Defendant is entitled to sovereign immunity; and (4) Defendant is entitled to qualified immunity. Defendant also asserts that a dismissal in this matter should be counted as a "strike" for purposes of 28 U.S.C. § 1915 (g).

Fed. R. Civ. P. 12 (b)(6) provides that a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action

under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983. According to Plaintiff, his parole was revoked on July 9, 2015 and Defendant was the presiding judge during the hearing. ECF No. 1. The documents relating to Plaintiff's parole revocation referred to him as "Milton" Miller instead of "Melton" Miller. Plaintiff has alleged no facts that support any intentional behavior on the part of Defendant related to the misspelling of Plaintiff's name on documents during his parole hearing. The misspelling of Plaintiff's first name does not deprive him of any right or privilege secured by the Constitution and laws of the United States.

Even if Plaintiff had stated a claim that could have survived Fed. R. Civ. P. 12 (b)(6) analysis, the law is clear that Defendant Vail is immune from suit. Parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole. *See Anton v. Getty,* 78

F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1996) (per curiam).

4. **CONCLUSION**

For the reasons stated, I recommend Plaintiff's Motion to Supplement Complaint (ECF No. 7) be **DENIED** and Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED.** All claims against Defendant Ashley Vail should be dismissed. I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of April 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE